**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3397-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

THEODORE BROWN, JR.,
a/k/a THEODORE BROWN,
T. BROWN, THEODORE J.
BROWN, and TED BROWN,

    Defendant-Appellant.

_____

Submitted September 18, 2025 – Decided October 16, 2025

Before Judges Mawla and Marczyk.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 15-06-0750.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Steven E. Braun, Designated Counsel, on the brief).

LaChia L. Bradshaw, Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Theodore Brown, Jr. appeals from the trial court's April 30, 2024 order denying his application for post-conviction relief (PCR). We affirm.

I.

In June 2015, defendant was indicted and charged with: two counts of first-degree robbery, N.J.S.A. 2C:15-1(a)(2) (counts one and two); first-degree attempted robbery, N.J.S.A. 2C:5-1(a)(1) and 2C:15-1(a)(2) (count three); three counts of second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1) (counts four, five, and six); three counts of third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b)(2) (counts seven, eight, and nine); and three counts of second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b)(1) (counts ten, eleven, and twelve).

In August 2015, defendant pled guilty to count two of the indictment. In exchange for defendant's guilty plea, the State agreed to dismiss the remaining charges and to recommend a fourteen-year prison sentence, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

During the plea hearing, defendant testified that on September 26, 2014, he traveled to a gas station in Moorestown, where he used a gun the victim

2

believed to be real, and stole money from the victim that belonged to the gas station, along with an iPad.

During the investigation of the robbery, the Moorestown police interviewed defendant. He was advised of his Miranda[1] rights and signed a Miranda card. Defendant did not consent to a search of his apartment but did consent to a buccal swab for DNA testing of a mask that was recovered following a robbery at a different store. The police ultimately obtained a warrant to search defendant's apartment, where they found clothing worn by defendant during the gas station robbery and a gun under his bed.

Defense counsel acknowledged the strength of the State's case and the fact defendant faced the possibility of an extended-term sentence if convicted of all the charges. He further noted defendant had mental health issues, which were considered as part of the negotiated plea, and requested defendant receive counseling in prison. Counsel acknowledged defendant faced a possible sentence of more than forty years in prison, if convicted of all the charges.

The court sentenced defendant to a fourteen-year term of imprisonment, subject to NERA. Defendant appealed, challenging his sentence and arguing,

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

A-3397-23

among other issues, the trial court should have considered mitigating factor four. We affirmed the sentence.

Defendant subsequently moved for PCR in October 2022, and counsel was assigned to represent him.[2] In November 2023, counsel filed an amended verified petition and brief. On April 30, 2024, the court denied defendant's PCR application.

## II.

On appeal, defendant raises the following point:

> AN EVIDENTIARY HEARING IS NECESSARY BECAUSE DEFENSE COUNSEL WAS INEFFECTIVE BY FAILING TO CHALLENGE DEFENDANT'S STATEMENT, HIS CONSENT TO THE POLICE USE OF A BUCCAL SWAB, AND FOR

---

[2] Defendant, who was previously self-represented, attempted on numerous prior occasions to apply for PCR and other relief. In January 2017, he submitted a letter requesting PCR. The application was denied. He submitted another letter in late January 2017, which the court construed as a motion to withdraw a guilty plea and denied. In August 2017, defendant forwarded correspondence to the court requesting a reduction of his sentence, which was also denied. In November 2017, defendant filed another letter requesting his case be reopened—construed by the court as a motion to withdraw a guilty plea—and that application was denied. Defendant again unsuccessfully moved to reduce his sentence in December 2017. His motion for a reduction of his sentence in April 2020 was also denied. In October 2020, defendant filed another unsuccessful PCR petition. He again requested a reduction in sentence in September 2021, which was denied. In June 2022, defendant filed what was interpreted by the court as a second PCR petition, and that application was denied in September 2022.

FAILING TO ADEQUATELY ADDRESS MITIGATING FACTORS.

> A. Counsel failed to consider how defendant's mental health issues impacted his supposed consent to interrogation.
>
> B. Counsel failed to challenge defendant's consent to the buccal swab.
>
> C. Counsel failed to adequately argue the mitigating factors.

We review a PCR court's conclusions of law de novo. State v. Nash, 212 N.J. 518, 540-41 (2013). We must affirm the PCR court's factual findings unless they are not supported by "sufficient credible evidence in the record." Id. at 540. A judge's decision to deny a PCR petition without an evidentiary hearing is reviewed under an abuse of discretion standard; however, we may review the factual inferences and legal conclusions drawn by the court de novo. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing State v. Marshall, 148 N.J. 89, 157-58 (1997)); State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) "the deficient performance prejudiced the defense."

Strickland v. Washington, 466 U.S. 668, 687 (1984); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey). A defendant must establish both prongs by a preponderance of the evidence. State v. Gaitan, 209 N.J. 339, 350 (2012).

As to the first prong, the Constitution requires "reasonably effective assistance," so an attorney's performance may not be attacked unless they did not act "within the range of competence demanded of attorneys in criminal cases," and instead "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88 (internal citation omitted) (quoting McMann v. Richardson, 397 U.S. 759, 770-71 (1970)). When assessing the first Strickland prong, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight." Id. at 689. "Merely because a trial strategy fails does not mean that counsel was ineffective." State v. Bey, 161 N.J. 233, 251 (1999) (citing State v. Davis, 116 N.J. 341, 357 (1989)). Thus, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the challenged action [by counsel] 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel

A-3397-23

v. Louisiana, 350 U.S. 91, 101 (1955)). Further, the court must not focus on the defendant's dissatisfaction with "counsel's exercise of judgment during the trial . . . while ignoring the totality of counsel's performance in the context of the State's evidence of [the] defendant's guilt." State v. Castagna, 187 N.J. 293, 314 (2006) (internal citation omitted).

For the second prong of the Strickland test, "the defendant must show that the deficient performance prejudiced the defense" because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 687, 694. This means "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Marshall, 148 N.J. at 261 (quoting Strickland, 466 U.S. at 697). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

To demonstrate "prejudice after having entered a guilty plea, a defendant must prove 'that there is a reasonable probability that, but for counsel's errors,

7

[they] would not have pled guilty and would have insisted on going to trial.'" Gaitan, 209 N.J. at 351 (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)). A defendant must show that, "had [they] been properly advised, it would have been rational for [them] to decline the plea offer and insist on going to trial and, in fact, that [they] probably would have done so." State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011).

A petitioner is not automatically entitled to an evidentiary hearing merely by filing for PCR. State v. Porter, 216 N.J. 343, 355 (2013); State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rule 3:22-10(b) provides a defendant is entitled to an evidentiary hearing on a PCR petition only if: (1) they establish "a prima facie case in support of [PCR]," (2) "there are material issues of disputed fact that cannot be resolved by reference to the existing record," and (3) "an evidentiary hearing is necessary to resolve the claims for relief." In order to establish a prima facie case, a "defendant must demonstrate a reasonable likelihood that [their] claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits." R. 3:22-10(b); see also Marshall, 148 N.J. at 158. Thus, to obtain an evidentiary hearing on a PCR petition based upon claims of ineffective assistance of counsel, a

defendant must make a showing of both deficient performance and actual prejudice. State v. Preciose, 129 N.J. 451, 463-64 (1992).

Conversely, Rule 3:22-10(e) states:

A court shall not grant an evidentiary hearing:

(1) if an evidentiary hearing will not aid the court's analysis of the defendant's entitlement to [PCR];

(2) if the defendant's allegations are too vague, conclusory or speculative; or

(3) for the purpose of permitting a defendant to investigate whether additional claims for relief exist for which defendant has not demonstrated a reasonable likelihood of success as required by R[ule] 3:22-10(b).

Thus, "in order to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel." Cummings, 321 N.J. Super. at 170. "[R]ather, the defendant 'must allege facts sufficient to demonstrate counsel's alleged substandard performance.'" State v. Jones, 219 N.J. 298, 312 (2014) (internal quotation marks omitted) (quoting Porter, 216 N.J. at 355).

Defendant asserts although he waived his Miranda rights, given his significant mental health issues, plea counsel should have moved to suppress

defendant's statements to police. He argues trial counsel was aware of his mental health issues and should have retained an expert to support defendant's argument that he was unable to "provide a knowing, intelligent, and voluntary statement" to police. Defendant claims there is nothing in the record to suggest trial counsel made any effort to investigate his mental illness and its effect on his ability to provide a proper waiver.

Defendant advances the same argument in challenging his consent to the buccal swab. He contends he was not capable of providing the consent necessary for police to obtain the swab. Defendant acknowledges he signed a consent form, but his mental health condition, including schizoaffective disorder, rendered him incapable of providing a knowing consent.

The Fifth Amendment of the United States Constitution and New Jersey's common, statutory, and evidentiary law provide a right against self-incrimination. State v. A.M., 237 N.J. 384, 396 (2019); see also N.J.R.E. 503; N.J.S.A. 2A:84A-19. In Miranda, the United States Supreme Court developed certain safeguards to ensure a person subject to police interrogation understands the right against self-incrimination and has a "meaningful opportunity" to exercise it. 384 U.S. at 467, 479; State v. Nyhammer, 197 N.J. 383, 400 (2009).

Upon being advised of one's <u>Miranda</u> rights, a person can waive those rights, but the waiver must be "knowing, intelligent, and voluntary in light of all the circumstances," and, under New Jersey law, the prosecutor must prove those characteristics beyond a reasonable doubt. <u>State v. Presha</u>, 163 N.J. 304, 313 (2000); <u>see also</u> <u>State v. Tillery</u>, 238 N.J. 293, 316 (2019). To determine "whether the waiver of rights was the product of a free will or police coercion," a court considers "the totality of the circumstances." <u>Nyhammer</u>, 197 N.J. at 402. Factors under that test include: "suspect's age, education and intelligence, advice concerning constitutional rights, length of detention, whether the questioning was repeated and prolonged in nature, and whether physical punishment and mental exhaustion were involved." <u>State v. Galloway</u>, 133 N.J. 631, 654 (1993); <u>see also</u> <u>State v. Hreha</u>, 217 N.J. 368, 383 (2014).

With respect to the consent for the buccal swab, under the New Jersey Constitution, "any consent given by an individual to a police officer to conduct a warrantless search must be given knowingly and voluntarily." <u>State v. Carty</u>, 170 N.J. 632, 639 (2002). To be considered voluntary, "the consent must be 'unequivocal and specific' and 'freely and intelligently given.'" <u>State v. King</u>, 44 N.J. 346, 352 (1965) (quoting <u>Judd v. United States</u>, 190 F.2d 649, 651 (D.C. Cir. 1951)). The State has the burden to show by "clear and positive" evidence,

11

King, 44 N.J. at 352, that the person giving consent "knew that [they] 'had a choice in the matter,'" Carty, 170 N.J. at 639 (quoting State v. Johnson, 68 N.J. 349, 354 (1975)).  Whether consent "was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances." Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973).

Regarding the Miranda argument, the PCR court rejected defendant's contention his mental health issues impacted his ability to give a knowing and voluntary statement to police.  It noted, "[t]here's nothing in the record to support [defendant] being incompetent or that any mental health issues somehow impacted his ability to make a sufficiently informed decision for himself."  Additionally, the court stated, "[w]hether or not officers were aware that [defendant] had mental health issues does not suggest that [defendant] was incapable of voluntarily waiving his right to remain silent and talking with police."  Moreover, the court noted, "counsel possibly believing that a motion to suppress [defendant's] statement, if unsuccessful, could expose [defendant] to a far more punitive resolution than that negotiated . . . does not suggest counsel was not functioning as counsel guaranteed by the Sixth Amendment."

With respect to the buccal swab issue, the PCR court further noted, "[p]lea counsel's decision not to . . . contest the taking of a buccal swab . . . does not suggest that counsel was incompetent." The court observed, "[i]t is not likely that a court would have precluded the State from obtaining a buccal swab from . . . defendant."

Defendant has not demonstrated a motion to suppress his statement would have succeeded. There is no suggestion his statement was not given knowingly, voluntarily, and intelligently. Although defendant generally argues he had a mental illness at the time he gave the statement, there is no indication he was coerced into making a statement or subjected to substantial psychological pressure. In fact, there is no argument regarding the specific tactics used by the police in this matter. In short, there is no indication defendant's will was overborne when the police questioned him. Moreover, defendant has not produced any psychiatric or other expert report to support a claim he was unable to knowingly waive his rights, and his arguments rely only on bare assertions unsupported by the record. We conclude the PCR court did not err in concluding defense counsel was not ineffective by failing to pursue a motion to suppress defendant's statements.

13

Defendant's argument the PCR court erred in rejecting his contention that his consent to provide a buccal swab was inadequate is likewise unpersuasive. He has failed to establish he did not understand his right to refuse to provide consent to police to obtain the swab. Defendant's arguments are mere bald assertions. He has provided no expert reports to suggest he did not understand his right to refuse to provide a buccal swab. Accordingly, the court did not err in denying this aspect of the PCR petition.

Defendant next argues his plea counsel failed to adequately argue certain mitigating factors at sentencing. Although he concedes counsel "duly argu[ed]" defendant's mental condition was a factor that should be considered by the court, he maintains counsel "did not present a convincing argument which could have had the effect of promoting a lesser sentence than which was called for in the plea bargain." He notes plea counsel "did not specifically mention at sentencing" he had been diagnosed with depression and had a history of seizures. He contends, had plea counsel appropriately argued about his mental condition, there is a reasonable probability the court would have found defendant's mental condition should have been considered under mitigating factor four.

The PCR court noted plea counsel's failure to argue mitigating factor four "does not rise to the level of counsel being incompetent." The court observed,

14

"[t]he sentencing judge certainly could have decided that factor if she thought it appropriate and declined to do so." Accordingly, the PCR court found defendant had not established a prima facie case of ineffective assistance of counsel, and thus, determined an evidentiary hearing was not warranted. It concluded, "[i]t should not be forgotten that [defendant] faced over [forty] years if he were convicted after trial. Plea counsel negotiated a sentence of [fourteen] years."

Defendant's indictment was resolved through a negotiated plea, where he was also charged with a separate armed robbery and attempted robbery offenses. Moreover, this was his sixth indictable conviction. As defendant concedes, plea counsel did raise his mental health issues, and the trial court would also have been aware of this issue from the presentencing report. The sentencing court found aggravating factors three, N.J.S.A. 2C:44-1(a)(3) (the risk of reoffense), six, N.J.S.A. 2C:44-1(a)(6) (defendant's prior record of offenses and their seriousness), and nine, N.J.S.A. 2C:44-1(a)(9) (the need for deterrence), based on defendant's prior criminal history. It also found mitigating factor six, N.J.S.A. 2C:44-1(b)(6) (defendant's promise to provide restitution to the victims), but gave it limited weight.

We discern no error in the PCR court's rejection of defendant's argument regarding the ineffective assistance of counsel at sentencing. Even if the court

15

had considered mitigating factor four, N.J.S.A. 2C:44-1(b)(4) (substantial grounds tending to excuse or justify the defendant's conduct), it would not have impacted the sentence imposed, given the other offenses that were dismissed as part of the plea and defendant's criminal history.

We perceive no basis to disturb the PCR court's findings. To the extent we have not addressed any other arguments raised by defendant, we are satisfied they are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

16